UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SPENCER TURNER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:22-cv-01127-JMS-TAB |
| ) | |
| MARK SEVIER, ) | |
| ) | |
| Respondent. ) | |

**Order Dismissing Petition for Writ of Habeas Corpus**

Spencer Turner, an inmate at Marion County Jail, has filed a habeas petition challenging his custody under Indiana Cause No. 49G20-0910-FA-88411. The respondent has moved to dismiss the petition for failure to exhaust state court remedies. As explained below, the respondent's motion is **granted**, and Mr. Turner's petition is **dismissed without prejudice**.

## I. Background

### A. Underlying Conviction and Community Corrections Revocation

On January 11, 2011, Mr. Turner pleaded guilty to dealing in cocaine as a Class B felony and was sentenced to 20 years in the Indiana Department of Correction ("IDOC").[1] On August 8, 2014, the court modified Mr. Turner's sentence to 20 years, with 13 years at IDOC and 7 years at Marion County Community Corrections – Work Release. Dkt. 8-1. Mr. Turner began work release on December 15, 2015. Dkt. 8-2.

On May 19, 2016, Marion County Superior Court issued a warrant after Mr. Turner did not return to work release and violated the terms of an approved pass. *Id.* The warrant was served on October 25, 2016, and Mr. Turner was held without bond. *See* Trial Case Chronology.

---

[1] The Court takes judicial notice of the online case chronology for Indiana Cause No. 49G20-0910-FA-88411 ("Trial Case Chronology"), which can be found at mycase.in.gov.

On December 29, 2016, the court appointed a public defender to represent Mr. Turner at his community corrections revocation hearing. Dkt. 8-3. Mr. Turner admitted to the alleged violations, and the court ordered him to serve the remainder of his sentence at IDOC. *Id.* The court determined that Mr. Turner was entitled to 2,507 days of credit for days actually served, and an additional 2,447 days of credit for good behavior. *Id.* Mr. Turner agreed to this credit time calculation. *Id.*

**B. Post-Revocation State Proceedings prior to Federal Habeas Proceedings**

On June 29, 2017, Mr. Turner filed a motion to correct erroneous sentence; this motion was denied by Marion County Superior Court on July 7, 2017. *See* Trial Case Chronology.

On November 20, 2017, Mr. Turner filed a petition for amended abstract of judgment; this petition was denied by Marion County Superior Court on March 9, 2018. *Id.*

On February 21, 2018, Mr. Turner filed a Request for Order, challenging the calculation of his credit time. *Id.* He filed a letter that also challenged the calculation of his credit time on April 2, 2018. *Id.* These filings were denied by Marion County Superior Court on April 17, 2018. *Id.* The court appointed pauper counsel for appeal, but the appointment was rescinded on April 25, 2018. *Id.*

On April 27, 2018, Mr. Turner initiated a post-conviction relief petition under Indiana Cause Number 49G20-1804-PC-13699.[2] Mr. Turner later moved to voluntarily withdraw his post-conviction relief petition, and Marion County Superior Court dismissed the petition without prejudice on July 23, 2018. *See* Post-Conviction Case Chronology.

On December 11, 2019, Mr. Turner filed a Motion for Discharge without Parole Requirement; this motion was denied by Marion County Superior Court on December 12, 2019.

---

[2] The Court takes judicial notice of the online case chronology for Indiana Cause No. 49G20-1804-PC-13699 ("Post-Conviction Case Chronology"), which can be found at mycase.in.gov.

*See* Trial Case Chronology. Mr. Turner filed a Notice of Appeal on January 13, 2020, and the Indiana Court of Appeals dismissed the appeal on October 30, 2020, for failure to file a timely brief. *Id.*; Indiana Appellate Cause No. 20A-CR-71 (citing Ind. App. R. 45(D)).

On October 15, 2021, Mr. Turner filed a Motion to Correct Erroneous Sentence. *See* Trial Case Chronology. On November 22, 2021, he filed a Motion for Summary Judgment. *Id.* These motions were denied by Marion County Superior Court on November 29, 2021. *Id.*

On January 6, 2022, Mr. Spencer, by retained counsel, filed a Motion to Correct Error; this motion was denied by Marion County Superior Court on March 14, 2022. *Id.*; dkt. 8-6.

### C. Federal Habeas Proceedings

#### 1. Grounds for Relief

On June 1, 2022, Mr. Turner filed this petition for a writ of habeas corpus, listing eleven grounds for relief. Dkt. 1. The petition claims that Mr. Turner remains in custody despite completing his sentence, that he is being held on a parole hold despite completing parole, and that he received ineffective assistance of counsel at his community corrections revocation hearing. *Id.* Mr. Turner concedes that has not presented any of these issues to the Indiana Court of Appeals or the Indiana Supreme Court, but he argues that this failure arises from a "lack of legal knowledge" and ineffective assistance of counsel. *Id.* at 5-6, 7-10, 16-25.

#### 2. Motion to Dismiss

The respondent has moved to dismiss Mr. Turner's petition for failure to exhaust state court remedies. Dkts. 8, 9. The respondent argues that Mr. Turner could pursue his claims regarding parole revocation and credit-time calculation through a state petition for post-conviction relief or through a state petition for a writ of habeas corpus but has failed to do so. Dkt. 9, p. 7.

### D. Additional State Court Proceedings

After Mr. Turner filed his federal habeas petition, he continued to pursue state court proceedings.

On November 9, 2022, he filed a Motion to Enforce Plea Agreement; this motion was denied by Marion County Superior Court the day it was filed. *See* Trial Case Chronology.

On December 6, 2022, he filed a Motion for Clarification of Sentence; this motion was denied by Marion County Superior Court the day it was filed. *Id.*

On December 7, 2022, Mr. Turner filed a Notice of Appeal in Marion County Superior Court, seeking to challenge the denial of his Motion to Enforce Plea Agreement. *Id.* Mr. Turner's appeal is pending and has been assigned Indiana Appellate Cause No. 22A-CR-2901.

## II. Legal Standard

"Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, is the duty to fairly present his federal claims to the state courts." *King v. Pfister*, 834 F.3d 808, 815 (7th Cir. 2016) (quoting *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004) (in turn citing 28 U.S.C. § 2254(b)(1)(A)). To meet this requirement, a petitioner "must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Lewis*, 390 F.3d at 1025-26. A federal claim is not fairly presented unless the petitioner "put[s] forward operative facts and controlling legal principles." *Simpson v. Battaglia*, 458 F.3d 585, 594 (7th Cir. 2006) (citation and quotation marks omitted).

### III. Discussion

**A. Ineffective Assistance of Counsel at Community Corrections Revocation Hearing**

Mr. Turner has not presented his claim for ineffective assistance of counsel at any level of state court review. He could have brought this claim on appeal of his community corrections revocation hearing, but he did not. *E.g.*, *Gibson v. State*, 154 N.E.2d 823 (Ind. Ct. App. 2020) (considering claim of ineffective assistance of counsel following revocation of probation). The parties have not indicated whether any state court proceeding remains available for Mr. Turner to raise this claim.

The record does not show that Mr. Turner's failure in this respect arose from an error external to himself, and thus he has not shown cause to excuse this failure. Nor does the record show that Mr. Turner was prejudiced by failing to raise this claim in state court, as he does not have a cognizable federal claim for ineffective assistance of counsel at a community corrections revocation hearing, where he admitted to the violations at the hearing and there are no substantial reasons in the record that justify or mitigate the violation. The Supreme Court has held that a defendant's right to counsel at probation revocation hearings is limited to situations where "the denial of counsel would violate due process of law, which ordinarily will be true only if the defendant makes a colorable claim "(i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate." *Gagnon v. Scarpelli*, 411 U.S. 778, 790 (1973); *see also United States v. Eskridge*, 445 F.3d 930, 932 (7th Cir. 2006) (citing *Gagnon* and holding the same for post-conviction revocation of supervised release).

For these reasons, the respondent's motion to dismiss this claim for failure to exhaust state remedies is **granted**.

### B. Claims Relating to Credit Time and Parole

Mr. Turner's remaining claims allege that he remains in custody despite having completed his sentence, and that he is being held on a parole violation despite completing parole. Such claims could be brought in state court through a petition for post-conviction relief or in a state habeas petition. *See Manley v. Butts*, 71 N.E.3d 1153 (2017) (holding that prisoner may file a state habeas petition in the county of incarceration if he is seeking immediate release and does not challenge the lawfulness of his underlying conviction or sentence); *Willet v. State*, 151 N.E.3d 1274, 1280 (Ind. Ct. App. 2020) (Vaidik, J., concurring) (explaining that a prisoner may file a petition for post-conviction relief in the county of conviction claiming that the prisoner has already completed his sentence at any time).

Mr. Turner has not raised his remaining claims through a state habeas petition or state post-conviction relief petition. Assuming without deciding that Mr. Turner fairly presented his claims regarding credit time and parole through his post-judgment filings in Indiana Cause No. 49G20-0910-FA-88411, it is undisputed that he failed to present these claims to the Indiana Court of Appeals and the Indiana Supreme Court before he filed his federal habeas petition. The record does not show that this was due to an error external to Mr. Turner, and the Court will not excuse his failure to exhaust.

Mr. Turner's conclusory statements about a "lack of legal knowledge" and "ineffective assistance of counsel" are unpersuasive. Mr. Turner has proven himself capable of filing motions, petitions, and notices of appeal. *See generally* Trial Case Chronology; *see also* Post-Conviction Case Chronology. Further, he is currently challenging the denial of his Motion to Enforce Plea

Agreement, in which he argued that he has completed his sentence and must be released, before the Indiana Court of Appeals in Cause No. 22A-CR-2901. *See* Trial Case Chronology (Notice of Appeal filed December 7, 2022). The Court will not entertain a federal habeas claim that is currently working its way through the state court system.

To summarize, Indiana provides corrective processes to remedy the claims set forth in Mr. Turner's federal habeas petition, Mr. Turner has not availed himself of those processes, and he has not shown that some objective factor external to himself impeded his ability to pursue state corrective action. Further, he is currently attempting to raise issues related to some of the claims in his habeas petition in a pending action before the Indiana Court of Appeals. Accordingly, the respondent's motion to dismiss is **granted**, and this action is **dismissed without prejudice**.

### IV. Certificate of Appealability

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Instead, a state prisoner must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In deciding whether a certificate of appealability should issue, "the only question is whether the applicant has shown that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck*, 137 S. Ct. at 773 (citation and quotation marks omitted).

Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts requires the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The Court finds that all jurists of reason would agree with the

7

Court's conclusion that Mr. Turner's petition should be dismissed for failure to exhaust state remedies, and a certificate of appealability is **denied**.

## V. Conclusion

The respondent's motion to dismiss, dkt. [8], is **granted**. Mr. Turner's habeas petition is **dismissed without prejudice**. A certificate of appealability **shall not issue**. Final judgment in accordance with this Order shall now issue.

**IT IS SO ORDERED**.

Date: 1/27/2023

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

SPENCER TURNER
132975
MARION COUNTY JAIL
MARION COUNTY JAIL
ADC Mail Room
695 Justice Way
Indianapolis, IN 46203

Gustavo Angel Jimenez
INDIANA ATTORNEY GENERAL
gustavo.jimenez@atg.in.gov

Thomas Pratt
Office of Indiana Attorney General
Thomas.Pratt@atg.in.gov